In the Matter of EDMOND G. BLUMNER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 19, 1970.

*John G. Bonomi* for petitioner.

*Aberson, Chikofsky & Gedalecia* for respondent.

*Per Curiam.* Respondent, admitted to practice in the First Judicial Department on June 10, 1935, specialized in the securities regulation field, until he was temporarily suspended, pursuant to an order of this court entered July 23, 1968, after his conviction in the Federal court for violation of the Securities Act of 1933 and the regulations thereto.

The indictment, upon which his conviction was based, was handed down in August of 1963, in respect of acts performed in 1957. The gravamen of the indictment was a breach of the Securities and Exchange Regulation A, purporting to exempt from full registration all issues not exceeding $300,000 unless the $300,000 is exceeded when added to issues of an " affiliate ". Respondent, on behalf of a client, theretofore unknown to him, created three separate corporations, the total of whose securities issued exceeded $300,000. His indictment was predicated upon the charge the corporate affiliates were under common " control " of respondent's client. The charge, upheld in the Federal trial court, and by the Court of Appeals, was founded upon a narrow concept of the nature of " control " of corporations.

The Referee herein has noted " that the matter which was the basis of the crime charged, was highly technical; that the lapse of time between the occurrence and the trial (eight years) was conceivably prejudicial ".

We are in accord with the views of the Referee. The record satisfactorily indicates the petitioner was operating in a " gray " area. There is much contrariety of opinion as to the meaning of " control " or "controlling interests ". In petitioner's case, his client was not an officer, stockholder or director of any of the created corporations. And it would further appear that today his advice and conduct for which he was convicted and sentenced, might be countenanced by the " Wheat Report ", released in 1969, and so-called to identify it with the Chairman of the SEC, the Honorable Francis Wheat. Thus, we lean to the view that his actions were not criminal under the laws of New York, certainly not *malum in se,* and the report of the Referee should be adopted.

Except for the foregoing conviction, respondent, a married man, now 59 years old, with two children, has had an unblemished career; he has been qualified for employment by the New York State Department of Civil Service, for employment by the New York State Department of Taxation and Finance, and by the United States Civil Service Commission for senior level administrative and management positions; and it appears he has received solicitations as to his availability for employment by a number of public agencies, including the United States Department of Justice and the Internal Revenue Service.

Thus, the report of the Referee is in all respects confirmed. However, the respondent was found guilty of a crime, which must be viewed with utmost gravity, necessitating punishment.

Respondent's punishment is the suspension from July 23, 1968 to the date hereof pursuant to the order of this court entered that day. The application herein should be now granted, respondent should be reinstated, and his name directed to be restored to the roll of attorneys and counselors at law, effective forthwith.

STEVENS, P. J., EAGER, CAPOZZOLI, McGIVERN and MARKEWICH, JJ., concur.

Application of the respondent granted and respondent reinstated as an attorney and counselor at law in the State of New York and his name directed to be restored to the roll of attorneys and counselors at law effective forthwith.